UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

EGAN, FLANAGAN AND COHEN, P.C.,

        Plaintiff,

v.

THE HARTFORD d/b/a TWIN CITY FIRE
INSURANCE COMPANY AND CHASE,
CLARKE, STEWART & FONTANA,

        Defendants.

Civil Action No. 3:21-cv-30041

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Twin City Fire Insurance Company, wrongly named as The Hartford d/b/a Twin City Fire Insurance Company ("Twin City"), by and through its attorneys, hereby removes this case from the Superior Court for the County of Hampden, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.  In support thereof, Twin City states as follows:

### I.    INTRODUCTION AND BACKGROUND

1.    Plaintiff, Egan, Flanagan and Cohen, P.C., commenced this declaratory judgment action in the Hampden County Superior Court, Commonwealth of Massachusetts, on or about March 9, 2021, styled *Egan, Flanagan and Cohen, P.C. v. The Hartford d/b/a Twin City Fire Insurance Company and Chase, Clarke, Stewart & Fontana*, Civil Action No. 2179CV00125.

2.    Plaintiff alleges in the Complaint that it seeks determination of the coverages, obligations, and duties under a commercial general liability policy issued to it by Twin City related to Plaintiff's claim for defense and indemnification for an arbitration demand asserted against it by Plaintiff's former shareholder Joseph A. Pacella.  Exhibit 1, Complaint ¶¶ 1, 2.  Mr.

Pacella sought $210,000 in deferred compensation from Plaintiff in his demand for arbitration. Complaint ¶¶ 22, 23.  Plaintiff asserts claims against Twin City for breach of contract, breach of the covenant of good faith and fair dealing, violation of Mass. Gen. Laws c. 93A and Mass. Gen. Laws c. 176D, and declaratory relief.  Complaint at 5-7.  While Chase, Clarke, Stewart & Fontana, Inc. ("CCSF") is a named defendant, the Complaint does not assert a single count against or seek relief from CCSF.  *See generally* Complaint.

## II.   THIS NOTICE OF REMOVAL IS TIMELY

3.       Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is removed before Twin City has even been served.  Twin City received a copy of the Complaint on March 12, 2021.  A true copy of all documents (including the Complaint, Civil Action Cover Sheet, Civil Tracking Order, and Summons issued to CCSF) received by Twin City are attached hereto as Exhibit 1.

4.       Additionally, pursuant to 28 U.S.C. §1446(c), this Notice of Removal is timely because it is filed within one year of commencement of the action.

## III.   THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1441 and 1332

5.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because the action could have been filed in this Court under 28 U.S.C. § 1332, in that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and this is a civil action between citizens of different states, excluding the fraudulently joined defendant, CCSF.  The presence of an in-state defendant is not a bar to removal because, as set forth more fully below, CCSF is fraudulently joined.

### A.  The Amount in Controversy Exceeds $75,000.

6.       The amount in controversy exceeds $75,000, exclusive of interest and costs.

2

Where, as here, the jurisdictional amount is not alleged in the Complaint, it can nevertheless be determined when it is "facially apparent" from the Complaint itself. *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 220 (D.N.H. 2004) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).   Plaintiff alleges in the Complaint that Mr. Pacella sought deferred compensation from Plaintiff in the amount of $210,000, and that Mr. Pacella filed a demand for arbitration with the American Arbitration Association regarding the deferred compensation. Complaint ¶¶ 22, 23.   It is this arbitration demand for which Plaintiff seeks defense and indemnification.   Complaint at Exhibit B.   Thus, the amount in controversy is more than $75,000.

7.     To further assess whether there is a "reasonable probability that the amount in controversy exceeds the jurisdictional minimum," *Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284, 285-86 (D. Mass. 2011), the Court "need look to the notice of removal and any other materials submitted by the removing defendant." *Laughlin Kennel Co. v. Gatehouse Media Inc.*, 202 F. Supp. 3d 178, 179 (D. Mass. 2016) (quoting *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 21 (D. Mass. 2014)).   Plaintiff's Civil Action Cover Sheet, attached hereto as part of Exhibit 1, states that it is seeking "$100,000+" in contract damages allegedly related to Twin City's "failure to provide defense and indemnification under an insurance policy."   Exhibit 1 at p. 4.   Thus Twin City has shown a "reasonable probability that the amount in controversy exceeds the jurisdictional minimum" and this case is properly within the jurisdictional amount of this Court.

**B. There Is Complete Diversity of Citizenship Between Plaintiff and the Properly Joined Defendant.**

    **i. Complete Diversity Exists Between Plaintiff and Properly Joined Twin City.**

8.      Plaintiff, Egan, Flanagan and Cohen, P.C., is a professional corporation with its principal place of business in Springfield, Massachusetts.  Complaint ¶ 3.  Thus, Plaintiff is a citizen of Massachusetts.

9.      Defendant, Twin City Fire Insurance Company, the properly joined defendant, is a company formed under the laws of Indiana with its principal place of business in Connecticut.  Exhibit 2, Indiana Secretary of State Twin City Fire Insurance Company Business Information.  Twin City is diverse to Plaintiff.

10.      Defendant, Chase, Clarke, Stewart & Fontana, Inc., is a corporation with a principal place of business in Springfield, Massachusetts.  Complaint ¶ 5.  Although it is a citizen of the state in which this action has been brought, 28 U.S.C. § 1441(b) does not act as a bar to removal of this action because, as set forth more fully below, CCSF has been fraudulently joined and must be disregarded for diversity purposes.  Thus, there is complete diversity between Plaintiff and properly joined Defendant Twin City.

    **ii. The Citizenship of Defendant Chase, Clarke, Stewart & Fontana, Inc. Must Be Disregarded as This Defendant Has Been Fraudulently Joined.**

11.      Defendant CCSF is a corporation with a principal place of business in Springfield, Massachusetts.  Complaint ¶ 5.  It has been fraudulently joined as a defendant in this action for the sole purpose of preventing Twin City from exercising its right to remove this case to federal court.  Because CCSF has been fraudulently joined, its citizenship must be disregarded.  28 U.S.C. § 1441(b) (civil actions removable on the basis of diversity jurisdiction may not be

removed "if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought") (emphasis added).  *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) ("removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) ("A party fraudulently joined to defeat removal . . . is disregarded in determining diversity of citizenship."); *In re Pharm. Indus. Average Wholesale Price Litig.,* 431 F. Supp. 2d 109, 117 (D. Mass. 2006) ("When a plaintiff fraudulently joins a defendant to destroy removability, a federal court may ignore the lack of consent from that defendant and permit the removal of the case.").

12.     A defendant is fraudulently joined where there is no possibility of a cause of action against it.  *In re Pharm. Indus.*, 431 F. Supp. 2d at 118.  Even a "mere theoretical possibility of recovery under state law does not suffice to preclude removal." *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 5 (D. Mass. 2001) (citing *Badon v. RJF Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).  *See Coughlin v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 626, 628 (D. Mass. 1991) (holding that fraudulent joinder exists when the plaintiff fails to state a claim against the non-diverse defendant).  "The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." *Mills*, 178 F. Supp. 2d at 4.  A "non-diverse defendant without a real connection to the controversy" cannot defeat the right of removal.  *Carey v. Bd. of Governors of the Kernwood Country Club*, 337 F. Supp. 2d 339, 341 (D. Mass. 2004).

13.     In the Complaint, Plaintiff names CCSF as a defendant and alleges that it was an agent of Twin City.  Complaint ¶¶ 5, 6.  Plaintiff further alleges that it directed its request for defense and indemnification to CCSF under the insurance policy Twin City issued to Plaintiff

and that Twin City (not CCSF) responded to Plaintiff's request for coverage.  Complaint ¶¶ 24, 25.  Outside of these allegations, Plaintiff asserts no facts in the Complaint that could possibly give rise to a cause of action against CCSF.  Plaintiff consistently throughout the Complaint refers only to Twin City as the "defendant," see, e.g., Complaint ¶¶ 4, 6, 25-28, 30-42, and asserts its breach of contract, breach of the covenant of good faith and fair dealing, violation of Mass. Gen. Laws c. 93A and 176D, and request for declaratory relief claims only against Twin City.  Complaint at 5-7.  Plaintiff does not allege that it was in a contractual relationship with CCSF that would give rise to its breach of contract and breach of the covenant of good faith and fair dealing claims, nor does Plaintiff claim that CCSF engaged in unfair and deceptive acts and practices in violation of c. 93A or 176D.  *See generally* Complaint.  Plaintiff's declaratory judgment count only requests a determination of Plaintiff's rights and Twin City's duties under the insurance policy issued by Twin City.  *See* Complaint ¶¶ 36-37. CCSF has no connection whatsoever to the controversy before the Court.  There is no actionable allegation made against and no right to relief requested from CCSF such that there is no reasonable basis in law or fact for the joinder of CCSF, other than to defeat Twin City's right to remove this case to federal court.  While Plaintiff alleges that CCSF was Twin City's agent, see Complaint ¶ 5, this is insufficient to impose liability upon CCSF with respect to any of Plaintiff's claims.  *See Porshin v. Snider*, 349 Mass. 653, 655 (1965) ("unless otherwise agreed, a person making or purporting to make a contract for a disclosed principal does not become a party to the contract"); *Atlantic Salmon A/S v. Curran*, 32 Mass. App. Ct. 488, 492 (1992) (agent acting on behalf of disclosed principal not liable on contract entered into on behalf of principal).  *See also W.R. Constr. & Consulting, Inc. v. Jeld-Wen, Inc.*, No. 01-10098-DPW, 2002 U.S. Dist. LEXIS 18686, at *14-15 (D. Mass. Sep. 20, 2002) ("Absent an agreement to the contrary, an agent for a

6

disclosed principal does not become a party to a contract that it enters into on behalf of the principal within the scope of agency."). In the absence of any reasonable basis for recovery against CCSF, there is complete diversity of citizenship between Plaintiff and Twin City such that this action may be removed.

## IV.   THIS COURT IS THE PROPER VENUE

14.   The Superior Court for the County of Hampden, Commonwealth of Massachusetts, is located within the District of Massachusetts.  *See* 28 U.S.C. § 101.  Thus, venue is proper in this Court as it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.   CONSENT OF ALL DEFENDANTS

15.   As set forth more fully above, CCSF has been fraudulently joined.  Thus, its consent to removal is unnecessary.  *Polyplastics*, 713 F.2d at 877; *In re Pharm. Indus.*, 431 F. Supp. 2d at 117.

## VI.   PLEADINGS AND PROCESS

16.   As required by 28 U.S.C. § 1446(a), Twin City has attached to this Notice of Removal copies of all state court process and pleadings and all other papers it has received.  *See* Exhibit 1.

17.   Pursuant to Local Rule 81.1, Twin City will file certified or attested copies of all records and proceedings and all docket entries in the state court within 28 days after filing this Notice of Removal.

## VII.   NOTICE GIVEN

18.   Pursuant to 28 U.S.C. § 1446(d), Twin City is filing a Notice of Filing of Notice of Removal with the Clerk of the Superior Court for the County of Hampden, Commonwealth of

Massachusetts, the state court in which the action is currently pending, and will serve a copy of this Notice on all parties to the removed action.

**VIII.     CONCLUSION**

19.     In filing this Notice of Removal, Twin City does not waive and specifically reserves any and all defenses and does not admit any of the allegations in Plaintiff's Complaint.

20.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and notice is hereby given that Defendant Twin City removes this case from the Superior Court for the County of Hampden, Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

Respectfully submitted,

DEFENDANT TWIN CITY FIRE INSURANCE COMPANY, WRONGLY NAMED AS THE HARTFORD d/b/a TWIN CITY FIRE INSURANCE COMPANY,

By its Attorneys,

Dated: April 9, 2021

*/s/ Michelle M. Byers*
George C. Rockas, BBO #544009
George.Rockas@wilsonelser.com
Michelle M. Byers, BBO #684836
Michelle.Byers@wilsonesler.com
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, Massachusetts  02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michelle M. Byers, hereby certify that, on this 9th day of April, 2021, the foregoing document was submitted for filing through the ECF system.  The foregoing will be served electronically to registered CM/ECF participants via the NEF, and paper copies will be served via first class mail on those who have appeared and are indicated as non-registered participants.

*/s/ Michelle M. Byers*
Michelle M. Byers