```
                  United States District Court
                    District of Massachusetts
 _____
                               )
Egan, Flanagan and Cohen, P.C.,)
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )   Civil Action No.
Twin City Fire Ins. Co., et al.,)  21-30041-NMG
                               )
        Defendants.            )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of plaintiff Egan, Flanagan and Cohen, P.C. ("plaintiff" or "the law firm") to remand this case to state court. For the reasons set forth below, that motion will be denied.

## I. Background

This case arises out of plaintiff's request for defense and indemnification from its insurer, defendant Twin City Fire Insurance Co. ("Twin City" or "the defendant"), with respect to an arbitration demand made against plaintiff by one of its former shareholders. Twin City denied coverage and, after plaintiff's request for clarification and reconsideration was likewise denied, plaintiff sued Twin City and Twin City's insurance agent, Chase, Clarke, Stewart & Fontana ("Chase" or,

-1-

together with Twin City, "the defendants"), on March 9, 2021, in Massachusetts Superior Court for Hampden County. Plaintiff sought a declaratory judgment with respect its coverage under the general commercial liability policy issued to it by Twin City ("the policy"), as well as relief on several related claims arising out of that policy. Twin City filed a notice of removal in this Court on April 9, 2021, and shortly thereafter plaintiff moved to remand.

## II. Motion to Remand

### A. Legal Standard

The plaintiff is the master of his own claim and, as such, determines in the first instance what law he will rely upon and where he will bring suit. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 22 (1983) (citing The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)). Nevertheless, the defendant possesses a limited statutory right to remove an action filed in state court to federal court. 28 U.S.C. § 1441. To exercise jurisdiction over a removed case, a federal court must, at a minimum, possess original jurisdiction over the action as a result of the complete diversity of the parties or because the action arises under federal law, and the removing defendant must comply with a variety of procedural requirements. Id., 28 U.S.C. § 1446.

The plaintiff may not thwart removal by fraudulently joining a non-diverse defendant who lacks any real connection to the case. See In re Fresenius GranuFlo/NaturaLyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d 321, 332 (D. Mass. 2015). Joinder is fraudulent, and remand is inappropriate, where there is no reasonable possibility that the highest court of the state would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant. Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 753 F.3d 103 (1st Cir. 2014). Consequently, an "implicit finding" within a determination of fraudulent joinder is that the plaintiff has failed to state a claim against the non-diverse defendant. Fresenius, 76 F. Supp. 3d at 333, see Universal Truck, 765 F.3d at 108 (framing fraudulent joinder analysis in terms of whether plaintiff has stated a claim against non-diverse defendant).

Defendant, as the party seeking removal, bears the burden of establishing federal jurisdiction. Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010). In the context of fraudulent joinder, satisfaction of that burden requires the defendant to demonstrate, by clear and convincing evidence, that no relief can issue against the purported fraudulently joined party. Universal Truck, 765 F.3d at 108. The Court resolves all

disputed issues of fact and ambiguities of law in favor of remand. Danca v. Private Health Care Sys., Inc. 185 F.3d 1, 4 (1st Cir. 1999).  In making its determination, the Court is not, however, constrained to the allegations in the complaint, and may consider affidavits and other relevant materials. Fresenius, 76 F. Supp. 3d at 333 (citations omitted).

**B. Application**

Plaintiff contends that defendant Chase is a Massachusetts citizen, properly joined in the action and therefore the Court must remand the case for lack of complete diversity.  Defendant Twin City does not dispute Chase's domicile but maintains that it was fraudulently joined and, thus, the Court should retain jurisdiction.

The law firm asserts four causes of action in the complaint: 1) breach of contract, i.e. the policy, 2) breach of the implied covenant of good faith and fair dealing, 3) for a declaratory judgment and 4) violation of M.G.L. c. 93A and 176D. Through each claim, plaintiff essentially seeks enforcement of its contractual rights.

A problem for the law firm is, however, that it possesses no contractual rights as to Chase.  Twin City, not Chase, issued the policy allegedly breached.  While plaintiff maintains that

it "contracted with [Chase] to sell it adequate insurance", it has alleged no facts which would support that claim or that Chase breached any purported contract.  Moreover, the policy itself makes no mention of Chase, nor, despite plaintiff's argument to the contrary, is Chase liable thereunder due to its status as an insurance agent or broker. See W.R. Constr. & Consulting, Inc. v. Jeld-Wen, Inc., 01CV10098 2002 U.S. Dist. LEXIS 18686 at *14-15 (D. Mass. Sept. 20, 2002) (explaining that an agent for a disclosed principal does not become a party to a contract that it enters on the latter's behalf), BioChemics, Inc. v. AXIS Reinsurance Co., 277 F. Supp. 3d 251, 256 (D. Mass. 2017) (explaining that "special circumstances" are required to maintain negligence claim related to insurance policy against insurance broker).  As a result, the law firm has failed to state a claim for breach of contract against Chase.

Plaintiff's other three causes of action similarly falter. Under Massachusetts law, a claim of breach of the covenant of good faith and fair dealing cannot be maintained in the absence of a contract and no contract exists between plaintiff and Chase. See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 230 (1st Cir. 2005) (holding that because no contract exists, there can be no derivative implied covenant of good faith and fair dealing).  The alleged violations of M.G.L.

c. 93A and 176D, as pled, likewise relate to the alleged breach of the policy. Finally, a declaratory judgment with respect to the parties' rights and obligations under the policy could not result in recovery against Chase which, again, is not a party to that agreement.

The law firm raises two other arguments against remand, both without merit. First, it contends that, under 28 U.S.C. § 1447(c), all defendants must timely consent to removal and Chase did not do so. Timely consent to removal is not required, however, if the non-consenting party was fraudulently joined. See In re Neurontin Mktg., No. 04CV10981 2006 U.S. Dist. LEXIS 98614 at *51 n.2 (D. Mass. Dec. 22, 2006). Second, it proclaims that it is ready and willing to amend the complaint to state claims against Chase but remand turns on the complaint as it was at the time of removal. Mass. Laborer's Health & Welfare Fund v. Philip Morris, Inc., No. 97CV11552 1998 U.S. Dist. LEXIS 22501 at *18-19 (D. Mass. June 19, 1998) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).

## ORDER

For the foregoing reasons, plaintiffs' motion to remand (Docket No. 8) is **DENIED**.

**So ordered.**

                                                                   /s/ Nathaniel M. Gorton
                                                                  Nathaniel M. Gorton
                                                                  United States District Judge

Dated November 8, 2021.